IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM KEEL, JACOB HUGHES, )
WILLIAM BATCHLOR, DAMION )
FAULKNER, and JEFFREY McCOMSEY, )
)
Plaintiffs, )
)
v. ) No. 3:14-mc-00740
) Chief Judge Haynes
DAVIDSON COUNTY SHERIFF'S OFFICE )
*et al.*, )
)
Defendants. )

# MEMORANDUM

Nineteen Plaintiffs filed this action and listed seven "witnesses" for their claims. In a May 27, 2014 Order, the Court dismissed the "witnesses" as well as the claims of one plaintiff who previously filed three lawsuits that were dismissed as frivolous or for failure to state a claim. The Court notified the remaining eighteen Plaintiffs that within 30 days of the May 27th Order, each Plaintiff must submit either a *pro rata* portion of the filing fee or a completed, signed and notarized application to proceed *in forma pauperis*, in accordance with 28 U.S.C. § 1915(a)(2). The Order notified each Plaintiff that failure to submit an *in forma pauperis* application within the specified time frame, would result in dismissal of that Plaintiff's claims for failure to prosecute.

Since entry of that Order, only five Plaintiffs William Keel, Jacob Hughes, William Batchlor, Damion Faulkner, and Jeffrey McComsey filed *in forma pauperis* applications. Three Plaintiffs Darrell Hochhalter, Darryl Jackson, and Andre Garrett were released from jail and have not informed the Court of their current residences. Thus, these claims should be dismissed

without prejudice fopr their failure to prosecute. The Plaintiffs Jeffrey Reed, James Stutts, Christopher Baker, Daniel Green, Andre Norris, Chuck Roberts, Gregory Lyon, Cleveland Jones, Jr., Danny West, and Antonio Kenner have not complied and their claims should be dismissed without prejudice for failure to prosecute.

As to the claims of Plaintiffs Keel, Hughes, Batchlor, Faulkner, and McComsey, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A require the Court to review their complaint, to assess whether the complaint, or any portion thereof, fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). In reviewing the complaint, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), but basic pleading requirements must be met. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiffs, Keel, Hughes, Batchlor, Faulkner, and McComsey assert claims under 42 U.S.C. § 1983 against the following Defendants: the Davidson County Sheriff's Office ("DCSO"); Sheriff Daron Hall; DCSO employees Tommy Smith, Patrick McAvoy, and Scott Saterlee; Correct Care Solutions; ABL Food Services; the Criminal Justice Center ("CJC"); and "Metropolitan Government."

Section 1983 provides a remedy against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). For a § 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the

United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. The Defendants DCSO and CJC are divisions within Metro and cannot be sued. *See West v. Atkins*, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983). Thus, Plaintiffs claims against the Defendants DCSO and the CJC are **DISMISSED with prejudice**. The individual Defendants, who are alleged to be employees of the DCSO, are "person[s] acting under color of state law" for a § 1983 action and the Court must evaluate Plaintiffs' claims against them.

For their claims, Plaintiffs must allege plausible facts that are sufficient to give each Defendant fair notice of the claim against each named Defendant, Bell Atl. Corp. v. Twombly, 550 U. S. 544 (2007) or the claim will be dismissed. Frazier v. Michigan, 41 Fed. Appx. 762, 764 (6th Cir. 2002). For standing to assert a claim, each Plaintiff must allege a "concrete and particularized" "injury in fact" " that affect[s] the plaintiff in a personal and individual way" Lujan v. Defenders of the Wildlife, 504 U. S. 555, 560 n.1 (1992).

For claims against the individual Defendants, Plaintiffs assert claims under the Eighth and Fourteenth Amendments[1] that Defendants violated their rights by engaging in verbal, physical and mental abuse; assault; assault with malicious intent; sexual assault; sexual harassment; the infliction of mental anguish and post-traumatic stress disorder; "antaganizing";

---

[1] Plaintiffs appear to be pretrial detainees. A pretrial detainee's rights are protected by the Fourteenth Amendment rather than the Eighth, but the standard is basically the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

misuse of forcible restraints; "use of deadly chemical mixing"; destruction of private property; invasion of privacy; provision of inadequate living conditions; segregation; racism; creating a severely stressful environment; ignoring inmates' medical and mental health needs; providing inadequate food; fraud; tax fraud; theft; and "malicious intent to cause excessive rigor." (Docket Entry No. 1, Complaint at 5.)

According to Plaintiffs, the individual Defendants verbally, physically and mentally "assault" the Plaintiffs living in POD 2E by "cussing, threat[e]ning, or physically inflicting pain upon the Plaintiff(s)." Id. at 6. Allegations of threats and verbal abuse do not state cognizable claims under § 1983. *Williams v. Gobles*, 211 F.3d 1271 (Table), 2000 WL 571936, at *1 (6th Cir. May 1, 2000) ("[V]erbal harassment and threats do not establish a cause of action under § 1983. . . ."). Moreover, Plaintiffs' complaint does not allege which of the five remaining Plaintiffs, if any, have actually been physically assaulted or what injuries, if any, they experienced.

Plaintiffs next allege that Defendants "put the inmates [in POD 2E] on their beds sometimes for days at a time," that Plaintiffs contend constitutes cruel and unusual punishment for Plaintiffs as pretrial detainees. Plaintiffs do not allege that any of them have been improperly confined to their beds for lengthy periods of time nor describe any injuries they suffered as a result. Under 42 U.S.C. § 1997e(e), a prisoner must show physical injury to state a civil action for any mental or emotional injury suffered while in custody. The Court concludes that these claims are not actionable.

Plaintiffs assert that Defendants do not provide adequate mental-health screening or treatment, sufficient healthful food, or "proper health and exercise equipment" (Docket Entry No.

1, Complaint at 7), Plaintiffs, however, do not allege any identifiable medical condition or injuries to them as a result of these conditions. Without specifying who among the Plaintiffs is diabetic, Plaintiffs assert that "Plaintiffs who are diabetic do not get the proper diabetic foods which could cause severe injury. . . ." Id. Yet, most of the Plaintiffs have been dismissed. The Court concludes that this allegation does not satisfy basic pleading requirements.

Plaintiffs next allege that Correct Care Solutions "constantly break[s] medical and mental polic[i]es" and privacy regulation, causing Plaintiffs "severe stress and excessive rigor[,] severe pain and sometimes depression." Id. Plaintiffs do not identify any actual breaches of privacy regarding their own health-care information or show that they have been harmed by such breaches of privacy. The Court concludes that this allegation does not satisfy basic pleading requirements.

In sum, Plaintiffs fail to identify with any particularity the acts perpetrated by the individual Defendants or the injuries suffered by each individual Plaintiff. As a result, Plaintiffs' claims fall far short of the basic pleading standards. Plaintiffs also fail to allege sufficient particularized facts to establish that each Plaintiff has standing under Article III of the United States Constitution to assert these claims.

Accordingly, the Court concludes that this action should be dismissed for failure to state claims upon which relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the 24th day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge